UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HAYWOOD,

Plaintiff,

v.

Case No. 2:23-cv-12099
District Judge Brandy R. McMillion
Magistrate Judge Kimberly G. Altman

PETER WATSON,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT ON EXHAUSTION (ECF No. 15)**[1]

## I. Introduction

This is a prisoner civil rights case. Plaintiff James Haywood (Haywood), proceeding *pro se*, filed a complaint against Nurse Practitioner Peter Watson (Watson) alleging that Watson was deliberately indifferent to his serious medical needs while incarcerated at Parnall Correctional Facility (SMT). *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 17).

Before the Court is Watson's motion to dismiss or, alternatively, for

[1] Upon review of the parties' papers, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

summary judgment on the basis of exhaustion. (ECF No. 15). The motion is fully briefed, (ECF Nos. 26, 27), and ready for consideration.[2] For the reasons that follow, the undersigned recommends that the motion be DENIED. If this recommendation is adopted, the undersigned will issue a scheduling order setting dates for merits discovery and dispositive motions.

## II. Background

When considering a motion to dismiss, the undersigned considers the factual allegations of the complaint as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

Haywood alleges that on June 27, 2022, he injured his wrist after his hand and wrist were crushed by two metal tables while working in the chow hall. (ECF No. 1, PageID.6). He saw Watson on or around June 28, 2022, and Watson evaluated Haywood's wrist and ordered an x-ray, which revealed "no broken bones but possible fracture." (*Id.*, PageID.7). Haywood was provided with an ace bandage and a half splint. (*Id.*).

On July 25, 2022, Haywood again saw Watson for his pain and a second x-ray was ordered, which did not show an injury. (*Id.*, PageID.8). Nevertheless, Watson recommended an MRI. (*Id.*). On August 19, 2022, Haywood was sent to

[2] The docket also contains a copy of Haywood's response without supporting documentation, (ECF No. 25), and a corrected version of the exhibit attached to Watson's reply, (ECF No. 28), which have been considered by the undersigned.

an offsite doctor who ordered an MRI and Ibuprofen. (*Id.*).

On September 7, 2022, Watson examined Haywood and ordered a third x-ray. At this time, Watson told Haywood that his prior x-rays *did* show something wrong with Haywood's wrist. (*Id.*). From then on, Haywood was not provided any treatment for his wrist beyond Motrin and Tylenol, despite sending over seventy-four medical kites in support of his claims. (*Id.*, PageID.9). Haywood says that his broken bone required a cast but instead was "left to heal on its own improperly." (*Id.*).

## III. Legal Standards

### A. Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

(6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Haywood is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

B. Motions to Dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]'

" *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

## IV. Discussion

As noted above, Watson has moved to dismiss the complaint for failure to state a claim and seeks summary judgment on the grounds that Haywood did not exhaust his administrative remedies. Each argument is considered in turn below.

### A. Exhaustion of Administrative Remedies

#### 1. Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The Michigan Department of Corrections (MDOC) has established a three-step process to review and resolve prisoner grievances. "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. To be sufficient, a grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003)

*abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007). Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id.*

Under MDOC PD 03.02.130, prisoners must provide the following information at Step I of the grievance process: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC PD 03.02.130 ¶ S (underscoring omitted).

"The grievance process is exhausted once the final response is issued in Step III." *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022).

2. Application

Watson has attached Haywood's Step III Grievance Report to his motion, which reflects that Haywood filed one grievance that was taken through all three steps of the MDOC process: SMT-2022-10-1289-28e (SMT-28e). (ECF No. 15-1). Watson argues that this grievance (1) "has nothing to do with [Watson] or the allegations stated against him in the [c]omplaint," (2) "was properly rejected for being untimely," and (3) did not provide Watson with proper notice of Haywood's

claims. (ECF No. 15, PageID.73-76). None of these arguments are well-taken, as explained below.

As to Watson's first and third arguments that Haywood's grievance is not exhausted because it did not name him or otherwise provide notice of the claims, under MDOC policy, a grievance must provide "facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." (MDOC PD 03.02.130 ¶ S, ECF No. 15-2, PageID.94). Haywood's grievance meets these requirements.

SMT-28e was filed at Step I on October 23, 2022, with the date of incident listed as October 19, 2022. (ECF No. 15-1, PageID.83). This date refers to the day on which Haywood was denied medical care by a different individual, "Nurse Ross," but in the grievance Haywood also says that he has "been forced to live in excruciating pains where Nurse Ross and other unknown nurses, PAs, [and] Doctors refuse to afford [him] treatment (a complete denial of care) for a serious wrist injury, which substantially limits [his] ability to function in the MDOC institutional environment." (*Id.*). Haywood goes on to grieve that "[MDOC] PD 03.04.100, Medical Services, has been clearly violated by Nurse Ross, Watson, RN Murray, RN Gibson, and other unknown medical personnel for denying [him] access to necessary medical care." (*Id.*). He further states that "the care [he]

received, alternatively, is so cursory that it amounted to no care at all." (*Id.*). The requirement that Watson be named in the grievance is clearly met by SMT-28e. Thus, Watson cannot prevail on this argument.

The same is true of Watson's argument that the grievance did not put him on notice of the allegations in the complaint. Watson says that the allegations in the complaint focus on a lack of treatment on June 28, 2022, July 25, 2022, and September 7, 2022, whereas the grievance specifies the date of incident as October 19, 2022. This argument, however, fails to address Haywood's allegations that he filed numerous kites from June to October 2022 seeking medical care for his injured wrist. (ECF No. 1, PageID.9). Because Haywood alleges an ongoing medical need and failure to provide treatment, the grievance regarding his ongoing lack of treatment placed Watson on notice of Haywood's claims. *See, e.g.*, *Bowling v. Wellpath Inc.*, No. 2:22-CV-11897, 2023 WL 6546665, at *8 (E.D. Mich. June 21, 2023) ("[A]s [the plaintiff] has alleged an ongoing lack of treatment for CLL, the date of the grievance is largely irrelevant"), *report and recommendation adopted*, 2023 WL 6126247 (E.D. Mich. Sept. 19, 2023).

Finally, Watson says that Haywood did not exhaust his administrative remedies because his grievance was properly rejected as untimely. Haywood's grievance was denied at Step I and Step II because the grievance reviewers found that Haywood was being treated adequately by health care staff. (*Id.*, PageID.82,

84). At Step III, the appeal was rejected as untimely. (*Id.*, PageID.80).

Properly rejected grievances do not exhaust an inmate's administrative remedies. *Woodford*, 548 U.S. at 95. But "the Court is not required to blindly accept the state's application of the procedural rule[s]." *Reeves v. Salisbury*, No. 11-CV-11830, 2012 WL 3206399, at *5 (E.D. Mich. Jan. 30, 2012), *report and recommendation adopted in relevant part*, 2012 WL 3151594 (E.D. Mich. Aug. 2, 2012).

Watson says that Haywood "had until December 27, 2022 to file his appeal to the Grievance Section. Instead, [Haywood] waited until December 23, 2022 to mail his appeal and it was not *received* by the grievance section until January 23, 2022." (ECF No. 15, PageID.75). Watson notes that according to MDOC PD 03.02.130 ¶ T, "[g]rievances and grievance appeals at all steps shall be considered filed on the date received by the Department." *See* ECF No. 15-2, PageID.94. Thus, he argues, the Step III reviewer's rejection of Haywood's grievance was proper: "While providing a grace period for standard mail; the grievance however was still not received in a suitable timeframe after the due date of December 27, 2022." (ECF No. 15-1, PageID.80 ([sic] throughout)).

Courts have rejected this interpretation of MDOC policy, as it affects the *availability* of the grievance procedure to the grievant. *See Woodford*, 548 U.S. at 88-90. To put it one way, a prisoner can only control the actions that he or she

takes, i.e., the time at which the prisoner mails his or her grievance and/or appeal. As another court has said: "To measure the [ten]-day period from the date of receipt would be to subject the prisoner to the vagaries of the prison mail system, which are totally beyond the prisoner's control. A prisoner should not be penalized for the delays in [interdepartmental] mail." *Fox v. Jenkins*, No. 4:21-CV-12950, 2022 WL 18107234, at *5 (E.D. Mich. Nov. 14, 2022), *report and recommendation adopted*, 2023 WL 22908 (E.D. Mich. Jan. 3, 2023). Here, Haywood filed his Step III appeal four days before it was due. Some delay is to be expected given the intervening holiday, but it was not in Haywood's control that the appeal did not reach the department until a month later. This is not a valid reason for rejecting the grievance. In other words, it cannot be said that Haywood failed to exhaust his administrative remedies even though his grievance was rejected at Step III as untimely, because that determination was based on when it was received by the MDOC.

One final point. It is important to note the standard of review. Because Watson is seeking summary judgment on the basis of Haywood's failure to exhaust administrative remedies, Watson must show that there is no genuine issue of material fact that Haywood failed to properly follow MDOC procedures. Watson's arguments fall short of this showing. Based on the above, a reasonable trier of fact could find that Haywood properly exhausted his remedies in SMT-28e. His

grievance named Watson, related to the allegations in the complaint regarding treatment for his wrist, and the rejection at Step III for being untimely does not carry the day. Therefore, Watson's motion for summary judgment based on exhaustion should be denied.

B. Motion to Dismiss

In seeking to dismiss Haywood's complaint, Watson argues that Haywood "does not put forth any factual allegations related to how [Watson] was allegedly deliberately indifferent to his serious medical needs." (ECF No. 15, PageID.71 (capitalization adjusted)). Specifically, Watson argues that Haywood was provided medical treatment, as stated in the complaint, and that the dispute is over the level or adequacy of the treatment provided, which does not rise to the level of indifference required to state a constitutional claim.

It is true that a disagreement over medical treatment "implicate[s] medical judgments and not the Eighth Amendment." *Hale v. Corr. Med. Servs., Inc.*, No. 1:10-CV-1008, 2012 WL 4382361, at *9 (W.D. Mich. Aug. 21, 2012); *report and recommendation adopted*, 2012 WL 4381917 (W.D. Mich. Sept. 25, 2012). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Watson argues that because he "examined [Haywood's] wrist, ordered x-rays, provided [Haywood] with an ACE bandage and half splint, Tylenol, and ibuprofen[,]" Haywood "at best is challenging [Watson's] medical decision making." (ECF No. 15, PageID.72). However, at this preliminary stage, it is too early to say that Haywood's allegations amount to a medical difference of opinion. Haywood has sufficiently alleged that he suffered a fracture that required a cast, and that his treatment was so insufficient that his hand was "swollen, bruised, and discolored" and resulted in "a lifelong handicap of [his] left hand." (ECF No. 1, PageID.9-10). As the court in *Westlake* said, "in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." 537 F.2d at 860 n.5; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 820 (6th Cir. 2005) (" '[W]hen the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.' " (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834, 843 (6th Cir. 2001)). For instance, in *Calhoun v. Hill*, No. 07-11613, 2008 WL 4344622 (E.D. Mich. Aug. 19, 2008), *report and recommendation adopted in relevant part*, 2008 WL 4277171 (E.D. Mich. Sept. 17, 2008), a prisoner argued that a delay in surgically repairing his fractured finger constituted deliberate indifference to a serious medical need, the same constitutional claim Haywood brings here. The defendants "essentially argue[d] that, because some treatment was provided, there

[could not] be 'deliberate indifference' as a matter of law." *Id.* at *12. The court found that this "overstated the legal constraints placed on Eighth Amendment claims and the requirements for stating such a claim." The fact that the plaintiff received pain medication and other medical treatment did not defeat his claim at the motion to dismiss stage because he alleged that he required surgical intervention, and it was not provided.

Similarly, despite admitting to having received some treatment, Haywood's allegations are sufficient to support his claims based on the alleged obviousness of the medical need and the injuries allegedly sustained. In other words, Haywood has alleged a plausible claim under the Eighth Amendment that should not be dismissed at this stage.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Watson's motion to dismiss or, alternatively, for summary judgment on the basis of exhaustion, (ECF No. 15), be DENIED. If this recommendation is adopted, the undersigned will enter a scheduling order setting dates for merits discovery and dispositive motions.

Dated: August 23, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 23, 2024.

s/Julie Owens
JULIE OWENS
Case Manager