UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HAYWOOD,

    Plaintiff,

v.

PETER WATSON,

    Defendant.
_____/

Case No. 2:23-cv-12099
Hon. Brandy R. McMillion

**ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 29), OVERRULING DEFENDANT'S OBJECTIONS (ECF NO. 30), AND DENYING DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVELY FOR SUMMARY JUDGMENT BASED ON THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (ECF NO. 15)**

Plaintiff James Haywood ("Haywood") filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Defendant Peter Watson ("Watson"), a nurse at the prison where Haywood is imprisoned. *See generally* ECF No. 1. Haywood contends that Watson was deliberately indifferent to Haywood's medical needs after he injured his wrist, in violation of his Eighth Amendment rights. *Id.* at PageID.3. Watson filed a Motion to Dismiss and Alternatively for Summary Judgment Based on Haywood's Failure to Exhaust Administrative Remedies. ECF No. 15.

This case was originally assigned to the Honorable F. Kay Behm, who referred all pretrial matters to Magistrate Judge Kimberly G. Altman. ECF No. 8. This case

was reassigned to the undersigned on April 2, 2024. 24-AO-007. The Court re-referred all pretrial matters to Magistrate Judge Altman, which included Watson's motion to dismiss or alternatively for summary judgment. ECF No. 17. Magistrate Judge Altman issued a Report and Recommendation ("R&R") recommending that the Court deny Watson's Motion to Dismiss and Alternatively for Summary Judgment. ECF No. 29. Watson timely objected to part of the R&R, and Haywood has responded to Watson's objection. ECF Nos. 30-31.

Having reviewed the record and considering Watson's objections *de novo*, the Court concludes that the objections are without merit. Accordingly, the Court will **ADOPT** the R&R's recommended disposition, **OVERRULE** Defendant's Objections, and **DENY** Watson's Motion to Dismiss and Alternatively for Summary Judgment.

**I.**

In late June 2022, Haywood injured his wrist while working in the prison chow hall, crushing his hand and wrist between two metal tables. ECF No. 1, PageID.6. A day later, Watson evaluated Haywood's wrist and ordered an x-ray, which revealed "no broken bones" but a "possible fracture." *Id.* at PageID.6-8. His "wrist was [then] wrapped with an ace bandage and a half splint." *Id.* at PageID.6.

After a month, Haywood complained of "increasing pain and increased swelling and bruising," so he returned to see Watson. ECF No. 1, PageID.7. Haywood complained to Watson of "extreme pain" that had "gotten worse," so a second x-ray

2

was done. *Id.* at PageID.8. Despite no injury on the x-ray, Watson ordered an MRI. *Id.* In mid-August 2022, Haywood saw Dr. Lee, an "offsite doctor." *Id.* Haywood told Dr. Lee that his "wrist [was] causing unbearable pain" and that he could not move it without "extreme pain." *Id.* Dr. Lee ordered an MRI and prescribed ibuprofen. *Id.*

In early September 2022, Haywood saw a nurse because of "unbearable pain in [his] wrist." ECF No. 1, PageID.8. The following day, Haywood saw Watson again, who ordered a third x-ray. *Id.* Haywood questioned what the third x-ray would show that the others did not. *Id.* Watson explained the x-ray was needed for MRI paperwork, but, according to Haywood's complaint, Watson also stated that "2 x-rays *did* show something wrong with [Haywood's] wrist." *Id.*

From the time Haywood injured his wrist (June 27, 2022) to the time he filed his complaint (August 15, 2023), Haywood sent at least "34 medical request kites" about his pain. ECF No. 1, PageID.9. One kite, from late October 2022, explained that he had gone four months without treatment to his broken wrist. *Id.* It also stated that "he was in extreme pain, [and] his hand was swollen, brusied [sic], and discolored . . . ." *Id.* Haywood alleged "[t]he broken bone was *not* set in a cast this entire time, and [was] left to heal on its own improperly." *Id.* And he alleged that Watson "just ordered Tylenol and Motrin, but *never* addressed the possibility of the fracture as he *knew* was there, provided by the *first* x-ray." *Id.*

3

In mid-August 2023, Haywood sued Watson, raising one claim: that his treatment of Haywood violated the Eighth and Fourteenth Amendments of the U.S. Constitution. ECF No. 1, PageID.9-10. He alleged that Watson was deliberately indifferent to his medical needs, delaying "for so long that [Haywood's] injury improperly healed on its own . . . ." *Id.* at PageID.10. This, Haywood alleged, caused his "condition [to] worse[n]" and "resulted in a lifelong handicap of [his] left hand." *Id.*

In mid-March 2024, Watson moved to dismiss for failure to state a deliberate indifference claim and, alternatively, for summary judgment because Haywood failed to exhaust his administrative remedies. ECF No. 15. Haywood responded and the motion was fully briefed. *See* ECF Nos. 25-27.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932

4

F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

Watson lodges one objection to Magistrate Judge Altman's R&R: she improperly found that Haywood's complaint states a valid deliberate indifference claim. ECF No. 30, PageID.264-268.[1] He argues Haywood's complaint demonstrates that Haywood

---

[1] Because Watson does not object to the R&R's resolution of his exhaustion argument, the Court need not review or address that portion of the report. *See Thomas*, 474 U.S. at 153.

received "extensive" care and does not plausibly allege that "Watson's medical treatment was so cursory as to amount to no care at all." *Id.*

**Objection 1**: Though slightly expanded upon, Watson's objection restates the same arguments made in his Motion to Dismiss. *Compare* ECF No. 15, PageID.65, 71-72 *with* ECF No. 30, PageID.264-268. He therefore fails to sufficiently identify an alleged error in Magistrate Judge Altman's R&R and the Court need not address his sole objection. *VanDiver*, 304 F. Supp. 2d at 937; *Owens*, 2013 WL 1304470 at *3. Yet, even if considered, the Court is not persuaded by the objection.

Prison officials cannot act with deliberate indifference toward an inmate's serious medical needs without offending the Eighth Amendment. *See Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). An Eighth Amendment deliberate indifference claim has an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2002).

The objective component considers whether the prisoner faced a risk of sufficiently serious harm. *Farmer*, 511 U.S. at 834; *see also Blackmore*, 390 F.3d at 895. "[S]howing that the prison . . . provided treatment 'so cursory as to amount to no treatment at all'" can establish the objective prong. *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (quoting *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 551 (6th Cir. 2009)).

The subjective component, on the other hand, generally asks: "Did the official know of and disregard the serious medical need?" *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021). In the healthcare setting, a nurse must be aware of the facts showing the serious medical need and conclude the need exists. *Id.* (citations omitted). The nurse's "response next must consciously disregard[] the need." *Id.* (quotation marks and citation omitted). This component thus includes a "sufficiently culpable state of mind." *Griffith v. Franklin Cnty.*, 975 F.3d 554, 567 (6th Cir. 2020) (quotation marks and citation omitted).

"[E]rrors in medical judgment or other negligent behavior" typically do not "suffice to establish deliberate indifference." *Rhinehart*, 894 F.3d at 738. Accordingly, "[w]here the plaintiff has received some medical treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Burgess v. Fischer*, 735 F.3d 462, 477 (6th Cir. 2013) (quotation marks and citation omitted). That said, the subjective component may be satisfied if the plaintiff can demonstrate that a medical professional "rendered medical care so woefully inadequate as to amount to no treatment at all." *Griffith*, 975 F.3d at 568 (quotation marks and citations omitted).

Watson says Haywood's allegations demonstrate that Watson provided "an abundance of" care: examination of his wrist, x-rays, an ace bandage and half splint, and both Tylenol and ibuprofen. Watson contends that Haywood is thus challenging

7

Watson's medical decision making, which is not enough to state a plausible deliberate indifference claim. The Court disagrees.

Haywood's allegations, when taken as true—as they must be at this stage—sufficiently state a plausible claim that Watson was deliberately indifferent to Haywood's serious medical needs. Haywood alleged that Watson "just ordered Tylenol and Motrin" when "he *knew*" from the first x-ray of the possible fracture. ECF No. 1, PageID.9. He went so long without treatment that, according to his allegation, he was "in extreme pain" and his hand was bruised, discolored, and swollen. *Id.* He also alleged that over the course of a year and two months, he wrote "*at least* 34 medical request kites" related to his wrist. *Id.* By "delay[ing] proper medical care for so long," Haywood alleged, Watson's actions led Haywood's wrist to "improperly heal[] on its own . . . ." *Id.* at PageID.10. This worsened Haywood's condition and caused a "lifelong handicap of [Haywood's] left hand." *Id.* at PageID.10. These allegations suggest that Watson knew of the possible fracture to Haywood and provided care so inadequate that it led to a lifelong disability. That's enough to state a plausible claim for deliberate indifference.

The Court also disagrees with Watson that Haywood made no allegations that he needed alternative treatment. *See* ECF No. 30, PageID.267. Reading his *pro se* pleadings with the usual leniency, *see Haines v. Kerner*, 404 U.S. 519 (1972), the Court can infer that Haywood alleged a need for alternative treatment: a cast for his broken

wrist. *See* ECF No. 1, PageID.9 ("The broken bone was *not* set in a cast this entire time, and left to heal on its own improperly."). Judge Altman found the same. ECF No. 29, PageID.259.

### IV.

At this stage, the Court accepts the alleged facts as true. In doing so, the Court agrees with Magistrate Judge Altman that they plausibly state that Watson provided care so inadequate that it amounted to essentially no treatment at all and, thus, deliberate indifference to Haywood's serious medical needs. *See Griffith*, 975 F.3d at 568. It may be that discovery proves otherwise; but currently, Haywood presents enough to survive a motion to dismiss.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Altman's Report and Recommendation (ECF No. 29). Defendant's Motion to Dismiss and Alternatively for Summary Judgment (ECF No. 15) is **DENIED**. Defendant's Objections (ECF No. 30) are **OVERRULED**.

    **IT IS SO ORDERED.**

Dated: November 6, 2024                        s/Brandy R. McMillion
                                                           Brandy R. McMillion
                                                           United States District Judge